# UNITED STATES DISTRICT COURT

Middle DISTRICT OF Tennessee

UNITED STATES OF AMERICA
V.

EMONNIE DION BRANCH

(Name and Address of Defendant)

CRIMINAL COMPLAINT

Case Number: 12-3119 MB

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about May 1, 2012 (Date) in Montgomery County, in the Middle District of Tennessee defendant(s) did,

(Track Statutory Language of Offense)
having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Raven Arms, Model P-25, .25 caliber pistol.

in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924 .
I further state that I am a(n) Special Agent, ATF (Official Title) and that this complaint is based on the following facts:

See attached Statement in Support of Criminal Complaint incorporated herein.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

[signature]
Signature of Complainant

Nerissa L. Dixon, Special Agent, ATF
Printed Name of Complainant

Sworn to before me and signed in my presence,

5/7/2012 at Nashville, Tennessee
Date City State

Joe B. Brown U.S. MAGISTRATE [signature]
Name of Judge Title of Judge Signature of Judge

## STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Nerissa L. Dixon, being first duly sworn on oath, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been employed as an ATF agent for almost 23 years. I am currently assigned to the Nashville I Field Office of ATF. Prior to the ATF, I was a State Trooper with the Tennessee Department of Safety, and a Police Officer with the Jackson Police Department, Jackson, Tennessee.

2. As a result of my experience and training in both state and federal law enforcement, I know it is a violation of Title 18, United States Code, Sections 922(g)(1) and 924 for a previously convicted felon to possess a firearm.

3. This affidavit is submitted in support of a Criminal Complaint for the arrest of Emonnie Dion BRANCH for the following offense: Convicted Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

4. The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation, and information provided to me by other law enforcement officials. Where conversations are related herein, they are related in substance and in part. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of Emonnie Dion BRANCH.

5. On May 1, 2012, at approximately 8:00 pm, E.G., S.G., and Emmonnie Dion BRANCH arrived in a 2012 Toyota Camry, driven by BRANCH, at the victim's residence on Cherry Point Court, Clarksville, Tennessee. E.G. exited the vehicle and started walking toward the residence. BRANCH also exited the vehicle and struck E.G. in the face, knocking him to the ground. According to E.G., he and BRANCH were arguing as to whether or not S.G. was going to stay at the residence or leave with BRANCH as BRANCH demanded. S.G. went to render aid to E.G. when BRANCH came to her and began asking repeatedly where S.G.'s gun was located. S.G. answered that it was in her bedroom. S.G., who had blood on her shirt, then went next door to a neighbor and asked J.L.G. to assist her with E.G. BRANCH went into the residence, and later exited with a firearm in his hand. BRANCH came to S.G., who had come back to E.G., pulling her away from E.G., and told her that if she did not come with BRANCH, he would go next door and kill S.G.'s kids. S.G., knowing BRANCH was armed, did get in the vehicle with BRANCH. E.G. got up and before BRANCH left, was at the driver's front side of the vehicle. BRANCH began driving off, striking E.G., and knocking him to the ground.

6. BRANCH and S.G. then went to Interstate 24 and began traveling east. BRANCH, thinking that he was being followed, exited Interstate 24 at Exit 4. BRANCH then pulled into the Hampton Inn parking lot, at 190 Holiday Drive, Clarksville, Tennessee, stopped, and told S.G. to go in and get a room. S.G. did go to the front desk and asked for a room. S.G. told the employees at the front desk that she needed them to call the police and that the man out in the car had killed the father of her child. An employee gave S.G. a room key. Initially, BRANCH and S.G. tried the key she was given, but it did not work on the room door they tried. BRANCH

was getting very upset and sent S.G. back to get another room key. S.G. went back to the front desk where she was given the key to RM #134. The individuals at the front desk called the police as S.G. had asked. Clarksville Police Department responded to the hotel, and after speaking with the hotel employees, went to room #134. Police knocked on the door, and BRANCH, who had blood on his hands, answered only wearing his underwear. S.G. was found lying on the bed in the fetal position, only wearing a shirt, and crying hysterically. Blood was observed on the sheets and a handgun, described as a Raven Arms, Model P-25, .25 caliber semi-automatic hand gun was found on the dresser. BRANCH was taken into custody. S.G. told police that the subject in the room was Dion BRANCH, aka "Baby C". S.G. stated that BRANCH had raped her both vaginally and anally prior to officers arriving at the hotel room. S.G. was transported to Gateway Medical Center for treatment.

7. Simultaneously, officers were sent to Cherry Point Court, Clarksville, Tennessee, to check on the welfare of E.G. E.G. was found inside the residence with J.L.G. E.G. told police that he had been punched in the face several times and had blacked out. E.G., who initially refused medical treatment, was later taken to Gateway Medical Center and then transferred to Skyline Medical Center with a head injury.

8. BRANCH was arrested and transported to the Montgomery County Jail and was processed through the booking procedure. This procedure included being processed through the Automated Fingerprint Identification System (AFIS). A fingerprint check through AFIS confirmed Emonnie Dion BRANCH with a criminal history that includes, but is not limited to, the following felony conviction from Sumner County Tennessee: In Case # 1084-2007, in the Criminal/Circuit Court of Sumner County, Tennessee, BRANCH was convicted of Felon in Possession of a Firearm, for which he received a sentence of 3 (three) years on January 7, 2009.

9. On May 4, 2012, your affiant interviewed Special Agent Mark Hoback, an ATF Firearms Interstate Nexus Expert, regarding the Raven Arms, model P-25, .25 caliber semi-automatic firearm. SA Hoback confirmed the pistol is a firearm, as defined by Title 18, United States Code, Section 921(a)(3), and that it was not manufactured in the state of Tennessee; and, therefore, has traveled in and affected interstate and/or foreign commerce.

10. All of the above described events occurred in Clarksville, Montgomery County, located in the Middle District of Tennessee.

11. Based on the foregoing, your affiant submits there is probable cause to believe that Emonnie Dion BRANCH has committed the offense of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

Further affiant sayeth not.

NERISSA L. DIXON
Special Agent, ATF

Subscribed and Sworn to before me this _______ day of May, 2012 in Nashville, Tennessee.

JOE B. BROWN
United States Magistrate Judge
Middle District of Tennessee